UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANGIE CHRISTINA SAYERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:20-CV-1044-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Angie Christina Sayers on December 22, 2020, and Plaintiff's Brief [DE 20], filed September 14, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 26, 2021, the Commissioner filed a response, and Plaintiff filed her reply on November 17, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.     Background**

On April 24, 2018, Plaintiff filed an application for benefits alleging that she became disabled on April 21, 2018. Plaintiff's application was denied initially and upon consideration. On December 23, 2019, Administrative Law Judge ("ALJ") T. Whitaker held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On April 7, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2.  The claimant has not engaged in substantial gainful activity since April 21,

1

       2018, the alleged onset date.

3.     The claimant has the following severe combination of impairments: lumbar and thoracic degenerative disc disease and scoliosis; cervical, lumbar, and thoracic radiculopathy; osteoarthritis of left elbow, status-post ORIF for old healed fractures of the distal left humerus and proximal left ulna; chronic pain syndrome; obesity; status-post gastric bypass, intestinal malabsorption, internal hernia; generalized anxiety disorder; panic disorder, major depressive disorder; post-traumatic stress disorder.

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.     The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that she can lift, push, pull, and carry twenty pounds occasionally and ten pounds frequently; she can sit for six hours of an eight hour workday; and she can stand and walk in combination for six hours of an eight hour workday She is limited to occasional stooping, kneeling, crouching, and crawling and can never climb ladders, ropes and scaffolds. She can occasionally operate foot controls. She is limited to work that allows for the individual to sit and stand alternatively provided that she cannot sit, stand, or walk for more than 30 minutes at one time, and further provided that she remains on task when changing position. She is limited to frequent reaching and handling with the non-dominant upper extremity. She can have no exposure to unprotected heights. She is limited to simple, routine, tangible and repetitive work in a work environment free of fast-paced production requirements and with only occasional workplace changes. She is limited to no interaction with public and only occasional interaction with supervisors and coworkers.

6.     The claimant is unable to perform any relevant past work.

7.     The claimant was a younger individual age 18-49 on alleged disability onset date.

8.     The claimant has at least a high school education and is able to communicate in English.

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.    Considering the claimant's age, education, work experience, and residual

functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 21, 2018, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning

of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the reviewing court to trace the path of their reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in weighing the physician reports in the record and in weighing Plaintiff's credibility. The Commissioner argues that the opinion is supported by

4

substantial evidence.

The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2).

Plaintiff argues that there is only a single mental health assessment in the record, and the ALJ did not thoroughly explain why they disregarded it and the basis on which they based their assessment of her mental health-related limitations. The ALJ ordered a psychological evaluation that reported that Plaintiff has below average memory, her "work tempo was below average with slightly below average cognitive ability," and she is "not capable of handling her funds due to limited arithmetic abilities." Among other limitations, they found that Plaintiff has moderate limitations in her ability to make judgments on simple work-related decisions. AR 1471-1476.

The ALJ concluded that "[t]he report of the consultative examiner is not entirely consistent with the medical record or the claimant's activities of daily living, but supports functional limitation." AR 47. They did not identify any of the ways in which it was inconsistent and did not rely on another provider opinion addressing Plaintiff's mental health-related limitations. Although the ALJ emphasized that "no State agency psychological consultant concluded that a mental health listing is medically equaled," AR 42, no state agency consultant reviewed Plaintiff's mental health records, since they were received by the agency October 4, 2018, AR 820, after both reports were completed. *See* Disability Determinations dated June 20, 2018, AR 158-166, and October 2, 2018 AR 168-176. Not only does the ALJ appear to disregard the fact that "[a] medical source may have

5

a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder," 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions."), but in this case relied on the opinion of an agency physician who never even addressed Plaintiff's mental limitations. It appears that the ALJ is substituting their own medical judgment for that of actual medical professionals and giving weight to only the more normal findings in the record rather than the significant reports of limitation. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"). In short, the ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" about Plaintiff's abilities. *O'Connor-Spinner*, 627 F.3d

at 618.

Plaintiff also argues that the RFC is not supported by substantial evidence and fails to adequately take into account Plaintiff's pain, particularly in combination with her mental health difficulties.

When assessing subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304. The ALJ is not permitted to

> [m]ake a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.

SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

The case is being remanded for reconsideration of Plaintiff's RFC with respect to work-related limitations caused by Plaintiff's mental health difficulties, as described above. On remand, the ALJ is also reminded of the need to consider how Plaintiff's physical and mental ailments

interact and possibly exacerbate one another, and to specifically address how Plaintiff's pain, side effects from pain medication and other treatments, and mental limitations affect her ability to work. See 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304; *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 20] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 5th day of August, 2022.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc: All counsel of record